Chief Justice Robertson
delivered the opinion of the court.
On the 11th of February, 1822, Thomas W. Claybrook and others, claiming to he the heirs and distributees of Peyton Doswell, deceased, filed a hill in chancery against Samuel G. HopkiBs, as the ad *235 ministrator of said decedent, and against Thomas Dos-well and others, alleged to be co-distributees, praying for distribution of the slaves and other property, in the hands of the administrator,
An answer, to-be good as a bill of inter-pleader,should state that the interpleader is desired for purposes of justice and without collu-
.Hopkins answered; and having alleged that Joseph Cabel had a claim to some of the slaves, prayed that -his answer might be taken as a bill of interpleader, to compel' Cabel and the other, claimants to. interplead., and settle their conflicting claims..
Cabel answered; and asserted his claim, but did not make the adversary claimants parties.
Thomas Doswell and others, who were prayed to be made defendants to the original bill; were non-residents,- and never answered. An order of publication was made against them, at the March term, 1822, of the circuit court. At the June term, 1822, the following certificate, subjoined to the order, was filed: “I, the editor and publisher of the Columbian, do-certify that the above advertisement has been published for two-months successively. WM. R. ABBOT.”
The record also states, that the printer’s certificate was filed at the September term, 1823. But we are unable to ascertain what kind of certificate was then filed, as none appears in the record.
At the September term, 1824, the complainants filed an amended bill, alleging the death of one of the distributees, without heirs,and averring that the survivors, who had been described by the original bill, as the distributees, had made an agreement- among, themselves, for distribution,[.according to a memorandúm in figures, accompanying the bill, and, therefore, praying for a decree ratifying the alleged agreement for distribution., The circuit court, at the same term, made a décree dismissing “Cabel’s bill of interpleader, without prejudice,?’ and confirming the distribution, as alleged in the amended bill. Separate-writs of error are prosecuted ip the name of Ho_pkins, and in -the names of the original defendants, to reverse the decree..
Cabel has no right to complain, even if he had filed a bill of “interpleader.” He failed to make parties to his answer», and for this delinquency, the court had a right to dismiss his answer, so far as it was intended to assert his claim, as between himself and the other *236 claimants. Moreover, the'answerof IXopkins'was not g°°d, as a- bill of interpleader. It did not state'the nature of Cabel’s claim, nor suggest that the inter-pleader was desired for the purposes of justice, and collusion; see Mitford,48-125.
Certificate of must* show”’ when and in theordcr'of publication was- publish-
To- authorisedistribution"5 there should' be proof that ¡uUsCffl™Pd1s-tributees..
Haggin and Richardson, for plaintiffs; Crittenden, for defendants..
The decree as to the cross-bill is, therefore, affirmed..
But the decree for distribution is clearly erroneous.,
1st. Waiving other objections to-the certificate, its insufficiency to show certainly when, or in what paper, 01'der was published, is an insuperable objection 1° R*
23. It was premature to render the decree at the term when the amended bill was filed.
3d. There was no proof that the persons, in whose ^avor decree was rendered, are the distributees-, answer of Hopkins does not admit that they are -distributees..
4th. The bill itself is insufficient. It does not al]ege that Peyton Doswell left no wife, nor father, nor mother; and, therefore, although-it avers that his brothers and sisters are his distributees and heirs, that averment alone, is not sufficient to show that • they are distributees, or if they be, that they are the only ones. The answer of Cabel states, that the wife of Peyton Doswell survived him, and- in a short time after his death, bore, a legitimate child, whom she also survived.
This fact, if it be true, would have an important influence in determining the right to distribution. The case of Pinkard and Smith might then have some bearing on the rights of the parties. It is suggested now, for the benefit of the parties, in the further progress of their controversy..
The decree for distribution is reversed, and the cause remanded, with instructions to give leave , (o amend the original bill, and to proceed with the cause, de novo, if the bill shall- be amended, so as to show distinctly, and with sufficient precision, the grounds for the claim which it asserts. An interpleader, in proper form and with full effect, may then bp instituted, and may progress pari passu, with the principal controversy.